## Clyde Gorman v. The State.

### No. 3707.   Decided October 30, 1907

**1.—Local Option—Blind Tiger—Charge of Court.**

Under an indictment charging the running of a blind tiger, a party cannot be convicted of an ordinary violation of the local option law.

**2.—Same—Hearsay Evidence.**

Upon a trial of defendant for running a blind tiger, it was error to admit testimony of a witness as to what he heard people say as to where and how to get whisky, and that defendant was selling whisky.

**3.—Same—Evidence—Freight Receipts—Books—Slips.**

Upon trial for running a blind tiger, it was error to admit in evidence certain copy of slips of freight receipts purporting shipments of whisky and other goods to the defendant, without introducing the books of the common carrier or showing that the defendant received the whisky.

**4.—Same—Evidence—Irrelevant Testimony.**

Upon a trial for running a blind tiger, it was error to introduce testimony over the objection of defendant that a few times before and one time after the transaction charged, the witness obtained whisky, and that you could "just go to any closet in Big Sandy and put your money down and get your whisky," without connecting defendant in any manner with getting the whisky in such closets.

Appeal from the Count Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of running a blind tiger for the purpose of selling liquor in local option territory; penalty, a fine of $100 and two months confinement in the county jail.

The opinion states the case.

*J. P. Hart* and *M. B. Briggs,* for appellant.—On question of irrelevant and hearsay testimony: Harris v. State, 98 S. W. Rep., 842. On question of introducing freight slips: Parish v. State, 47 Texas Crim. Rep., 148, 89 S. W. Rep., 830.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with running a "Blind Tiger" in a local option district. In submitting the case to the jury the court authorized them to convict for running a "Blind Tiger" and if not to convict for an ordinary violation of the local option law. This was, in our judgment, error, but appellant was convicted of running a "Blind Tiger." It is not of sufficient importance to notice this further than to say we do not believe that under an indictment charging the running of a "Blind Tiger" a party could be convicted of an ordinary violation of the local option law, and this issue should not be submitted.

While the witness Haynes was testifying in behalf of the State, counsel for prosecution asked the following questions, and received answers as set out below: "Q. Have you ever had any conversation with Mr. Gorman as to how to get whisky? A. No. Q. Did he ever tell you where to put your money to get whisky? A. No, sir. Q. How did you know how to get it then? A. I heard people talking around Big Sandy. I heard people say any one could get whisky around there in these places. Q. Who did you hear talking? I don't remember, but I have heard crowds around Big Sandy say so, and I heard them say that the defendant was not doing anything but selling whisky around there." Objection was urged to the introduction of this testimony as hearsay; that it did not throw any light on the issues as to whether the defendant made the sale to said Haynes, and it was a matter of putting in issue the character of the defendant, and because it was immaterial, irrelevant and did not show or establish a sale to said witness or tend to show a system of business. We think this testimony was illegitimate; it was clearly hearsay.

Another bill recites the fact that the State introduced Williams, Agent of Cotton Belt Railway Company at Big Sandy, who testifies, as follows: "We have received for W. C. Gorman freight over the Cotton Belt Ry. Co., prior to June 3, 1906, as follows: (State here introduced four slips marked copy) Freight receipts. 1st. 2–12–1906, two barrels of whisky. 2nd. 4–18–1906, one barrel of whisky. 3rd. 4–10–1906, three barrels of whisky. 4th. 1–30–1906, one crate glass and one crate lamps. Exception was reserved to the introduction of these slips showing various shipments of goods to defendant. And the following bill recites that the same witness testified to receiving for W. C. Gorman freight prior to June 3, 1906, over the T. P. Railway Company, as follows: "Ten barrels of bottled beer on Feb-

ruary 3, 1906; ten crates of empty bottles; March 6, 1906, thirty-six cases of empty bottles and one box corks; April 6, 1906, five barrels bottled beer; February 9, 1906, one case of Bologna sausage; February 9, 1906, one case of cigars; May 4, 1906, thirty boxes bottles and twenty-four crates of bottles." Objection was urged also to this testimony. These bills in the record show that the books were not offered but simply these slips; nor is it shown that appellant received this whisky; the books were not produced, and all that is shown is that the freight was received in his name. The original express books could be introduced as evidence, and it might thus be shown that appellant received this whisky from the express agent, if in fact he did. These slips were not admissible; nor was it permissible to show, under this indictment, that he was shipping in beer; appellant was charged here with selling whisky in a "Blind Tiger." It was permissible to show that he received whisky by express, or that he had whisky on hand at the time of the alleged offense, but this must be shown by competent evidence. The slips were not evidence. From the same witness, the State was permitted, over the objection of appellant, to introduce evidence that a few times before and one time after the transaction charged in the record the witness obtained whisky, and he further stated that "You could just go to any closet in Big Sandy and put your money down and get your whisky," at least he says in most of them he could. If the witness obtained the whisky from appellant in what is supposed to be a "Blind Tiger," and he has done so more than once in the manner indicated, it might be provable as a fact. to be considered by the jury, but certainly it could not be shown as against appellant that you could go anywhere in Big Sandy and get whisky in any of the closets around town, or even in most of them, unless they could find some way to connect appellant and the manner of getting the whisky in these closets and that he had some participancy so as to connect him with the transaction. That portion of the testimony was illegitimate.

There are other questions suggested for revision in the record, which are not discussed in this opinion, but will be disposed of in a companion case.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.